(December 7, 1961)

■ In the Matter of GETTY REALTY CORPORATION, Respondent, v. WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Appellants.—

The property involved in this proceeding is the Hotel Pierre. The taxpayer contended that the proper method of valuation for this largely residential hotel was its rental value to a single tenant who would operate the hotel and that this should be capitalized on a 6% basis for the value of the land and 7% for the value of the building. The figure of the rental that would be paid by such an operator was claimed to be $335,000. This figure is grossly below the actual rentals obtained during the period. In the year 1957 the record shows that the rental from rooms alone, excluding rental received from stores, public rooms, and any estimated rental from facilities such as restaurant and bar operated by the owner, amounted to $735,000 before deductions for income and franchise taxes. This figure includes a deduction of $400,000 for depreciation. It will therefore be seen that the net rental upon which respondent's conclusions are based is so far from reality that it cannot be accepted. Making the most liberal deductions for the rental value of the furniture in the rooms and for services supplied, it will be seen that, on the method of valuation adopted by the appellant, the capitalized result would be in excess of the assessed value. As no reason for a reduction was shown, the assessments should have been confirmed. Concur — Valente, McNally, Steuer and Bastow, JJ.; Breitel, J. P., dissents in the following memorandum: I am constrained to dissent and vote to affirm the final order in this proceeding. On the record and the issues as briefed the taxpayer established that the assessments were properly reduced. On a theory not raised by the city, and by an acute selection from the financial statements for one of the two years in question, the court finds a single item of expense which it questions. Upon this slender, select, datum Special Term's order is reversed. While a court is not so confined by the adversary process as to require it to make an unjust determination, merely because counsel have failed to illuminate the true path for decision, this is not a case for such especial intervention. In the absence of briefing and analysis by counsel the risk is too great. In view of the intricate financial records for this complex hotel operation I am at a loss to conclude as to the significance of the expense item in the whole fact situation. Nor, for many reasons, legal and economic, may I infer from the huge co-operative "purchase price", close to the amount of $24,000,000, after the tax status date, that the property was undervalued by taxpayer's expert or Special Term. I gather that the court is unanimous in finding inappropriate the relation of unadjusted net income of the hotel qua hotel to the value of the land and building as real

estate, the primary contention made by the city. Accordingly, I dissent and vote to affirm.